1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7
8

NORTHERN DISTRICT OF CALIFORNIA

9
10

ALBERT DYTCH,

11
                    Plaintiff,

No.  22-cv-01601 WHA

12
         v.

13
FOREST HOMES, LLC, and LARA
FOREST,

**ORDER GRANTING MOTION FOR
DEFAULT JUDGMENT AND
INJUNCTION AGAINST
DEFENDANTS FOREST HOMES,
LLC, AND LARA FOREST**

14
                    Defendants.

15

16

**INTRODUCTION**

17
        In this ADA action, plaintiff moves for default judgment and an injunction against

18
Defendants Forest Homes, LLC, and Lara Homes.  To the extent stated below the motion is

19
Gʀᴀɴᴛᴇᴅ.

20

**STATEMENT**

21
        Plaintiff Albert Dytch has muscular dystrophy which limits dexterity and his ability to

22
walk and requires him to use a wheelchair for mobility.  In September 2021, plaintiff and his

23
wife visited Defendant Wawa Thai Food LLC's restaurant ("Wawa Restaurant") in Oakland,

24
California.  Plaintiff lives less than five miles from the restaurant (Compl. ¶10).  Wawa

25
Restaurant is in a structure called "the Facility" which is owned by Defendant Forest Homes,

26
LLC.  Defendant Lara Homes is the sole manager of Forest Homes, LLC.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

Plaintiff alleges that could not enter the main door to the restaurant because there were steps leading to the dining room.  This required him to go down a steep hill through an unmarked entrance where his wheelchair became stuck in a gap between the ground and the door.  Further, plaintiff was unable to access the restaurant's outdoor deck for dining because the doorway to the deck was not wide enough to fit plaintiff's wheelchair.  Lastly, plaintiff alleges that he had trouble getting to and using the restaurant's bathroom facilities.  More specifically, he alleges difficulty entering through double-swinging doors to get to the bathroom door and was unable to transfer to the toilet because one of the grab bars was out of reach.  As a result, plaintiff was unable to access the restaurant's bathroom.

Plaintiff filed suit against defendants in March 2022 alleging violations of the ADA and California's Unruh Act and Health and Safety Code § 19959.  Defendants Forest Homes, LLC and Lara Homes were served in July 2022.   Defendant Wawa Restaurant was served in August 2022.  Forest Homes, LLC, and Lara Homes were required to file an answer to the complaint by August 4, 2022, but failed to do so.  As a result, the clerk entered a default against these two defendants on August 24, 2022.  By September 2022, Wawa Restaurant filed its answer and crossclaim against Forest Homes, LLC, and Lara Homes.  Mediation proceedings began in March 2023.  Plaintiff and Wawa Restaurant reached a settlement in July 2023.

In January 2024, the matter was reassigned to the undersigned.  In February 2024, plaintiff and Wawa Restaurant stipulated to dismiss Wawa Restaurant.  Plaintiff subsequently filed the instant motion.  This order follows full briefing and oral argument.

**ANALYSIS**

A district court has the discretion to grant default judgment against a party when that party fails to plead or otherwise defend against a prayer for affirmative relief.  FRCP 55; *Aldabe v. Aldabe*, 612 F.2d 1089, 1092 (9th Cir. 1980).   A court must determine, as a preliminary matter, whether it has subject- matter jurisdiction over the action and personal

jurisdiction over the defendant before granting or denying default judgment.  After establishing jurisdiction, a court must then evaluate the seven *Eitel* factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

In evaluating a plaintiff's claims, all factual allegations, except those relating to damages, are taken as true.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Nevertheless, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).  Furthermore, a defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007).

### 1.    SUBJECT-MATTER JURISDICTION AND PERSONAL JURISDICTION.

District courts have subject-matter jurisdiction over civil actions involving federal law. 28 U.S.C § 1331.  Supplemental jurisdiction extends to all other claims related to a civil action if (1) a district court has subject-matter jurisdiction and (2) if those additional claims form a part of the same case or controversy.  *Id*. at § 1367.  Plaintiff alleges ADA violations, a federal statute, which satisfies subject-matter jurisdiction.  Further, plaintiff's Unruh and Health and Safety Code claims arise out of the same facts as plaintiff's ADA claims against defendants; supplemental jurisdiction extends to the Unruh and Health and Safety Code claims.  Therefore, subject-matter jurisdiction is satisfied with respect to the ADA Unruh claims.

With respect to personal jurisdiction, properly serving a summons on a defendant establishes personal jurisdiction when the defendant is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.  FRCP 4(k)(1)(A).  Further, federal rules permit service pursuant to the law of the state in which the district court is located.  FRCP 4(e)(1).  Under California law, service is permitted by mail.  Cal. Civ. Pro. Code § 415.30.  Here, plaintiff properly served defendants Forest Homes, LLC, and Lara Homes in July 2022.  Further, plaintiff's request for entry of clerk's default was also served on defendants by mail (Dkt. 14-2).  Additionally, Forest Homes, LLC, owns the Facility in Oakland, California and would therefore be subject to this court's general jurisdiction. Therefore, this order finds that personal jurisdiction is satisfied.

2.      *EITAL* FACTORS.

Having satisfied subject-matter and personal jurisdiction over defendants, this order now turns to the seven *Eital* factors.

A.      Possibility of Prejudice to the Plaintiff.

Plaintiff and defendant Wawa Restaurant reached a settlement and stipulated to release Wawa Restaurant.  Yet, plaintiff asserts that the settlement was insufficient as a remedy because Wawa Restaurant is only a tenant on the property and lacks "sufficient control" to fully provide the requested injunctive relief (Dkt. No. 37 at 12).  Plaintiff argues that only an injunction requiring defendants to make the Facility accessible would provide the complete relief plaintiff is seeking.  This order finds that defendants' lack of appearance prevents plaintiff from seeking injunctive relief and resolving the crux of this matter.  The first factor weighs in favor of granting default judgment.

4

**B.      Merits of Plaintiff's Substantive Claim and Sufficiency of Claim**

Courts often consider the second and third *Eital* factors together because examining the merits of a substantive claim and the sufficiency of a claim both require that the plaintiff state a claim upon which he can recover.  *Danning v. Lavine*, 572 F.2d 1386 (9th Cir. 1978).  Here, plaintiff's motion seeks default judgment for violations of the ADA, and California's Unruh Act and Health and Safety Code § 19955.  This order will examine each in turn.

*First*, this order will examine the ADA claim.  Title III of the ADA prohibits discrimination based on disability which prevents "full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 121282(a).  Discrimination includes the "failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable.  Id. at § 121282(b)(2)(A)(iv).  Readily achievable is defined as "easily accomplishable and able to be carried without much difficulty or expense."  Id. at § 121282(9).

Plaintiff must establish Article III standing for which he must demonstrate that he has suffered an injury in fact, traceable to the defendant's conduct, that a favorable court decision could redress.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992).  This order finds that plaintiff has standing.  *First*, plaintiff alleges that he experienced architectural barriers in the form of a steep slope to an unmarked entrance, a narrow outdoor deck, and improperly placed grab bar and toilet paper dispenser in a bathroom.  *Second*, plaintiff alleges that defendants are the owner of the Facility and are therefore responsible for the barriers faced by plaintiff. Because of the default, these allegations are taken as true; plaintiff's alleged injury stem from defendant's action or inaction.  *Third*, injunctive relief and statutory relief would redress plaintiff's injury.  Therefore, this order finds that plaintiff has Article III standing.

Next, plaintiff must demonstrate standing under Title III.  For this, plaintiff must establish that (1) that he is disabled; (2) defendant is a private entity that owns, leases, or

5

operates a place of public accommodations; and (3) the plaintiff was denied public accommodations by the defendant because of plaintiff's disability. *Molski v. M.J.*, 481 F.3d 724 (9th Cir. 2007). Plaintiff must demonstrate two further elements to satisfy an ADA claim based on an architectural barrier: (1) the ADA prohibits that particular architectural barrier in the existing facility, and (2) removal of that prohibited barrier is readily achievable. *Parr v. L & L Drive-Inn Restaurant*, 96 F.Supp.2d 1065, 1085 (D. Haw. 2000) (Judge Francis I. Yamashita).

*First*, plaintiff alleges in his complaint that he has muscular dystrophy which limits his ability to walk and requires him to use a wheelchair for mobility (Compl. ¶ 8). A physical impairment that substantially affects a major life activity, including walking, qualifies as a disability under the ADA. 42 U.S.C. §§ 12102(1)(A), (2)(A). Plaintiff meets the first requirement.

*Second*, a restaurant is a place of public accommodation. 42 U.S.C. § 12181(7)(B). Plaintiff alleges that Forest Homes, LLC, is a private entity that owns and controls how the Facility is used. Plaintiff alleges that the Facility is open to the public and intended for non-residential use (Compl. ¶ 9). Since Wawa Restaurant operates as a restaurant as a tenant of the Facility, it is therefore a place of public accommodation.

*Third*, plaintiff describes in his complaint that barriers exist at the Facility which prevent him from enjoying the goods and services offered at the Facility. Plaintiff identifies four barriers: (a) the absence of a ramp to the restaurant's main entrance which required him to use a steep hill to an unmarked entrance; (b) a door which was too narrow to allow access to an outdoor deck for dining; (c) double-swinging doors followed by a sharp turn to the restroom door which was difficult to navigate with plaintiff's wheelchair; and (d) a grab-bar inside the restroom was not reachable and toilet paper dispenser was blocked by plaintiff's wheelchair (Compl. at 3). Plaintiff alleges that these barriers prevented him from entering through the

main entrance of the restaurant, use outdoor dining deck, and use the restaurant's restrooms altogether (*ibid*.).  Therefore, the third requirement is met.

*Fourth,* plaintiff alleges that each of the four barriers violates ADA Accessibility Guidelines (ADAADG).  However, plaintiff's complaint fails to assert whether the 1991 standards or 2010 standards apply.  In the instant motion, plaintiff argues that the 1991 standards apply; as no discovery has occurred, plaintiffs do not know if the Facility has been altered since the 2010 standards went into effect and proceed with the 1991 standards (Dkt. No. 37 at 11).  This order will review each alleged ADA violation in turn.

(i)   *Lack of Accessible Entrance Located on an Accessible Route*

Plaintiff alleges he was not able to enter the restaurant through the main entrance because there was the set of steps leading to the dining room of the restaurant.  In order to enter the restaurant with a wheelchair, plaintiff had to "go down [a] hill," where there was a "steep drop" in the concrete (Compl. ¶ 10(a)).  A space between the concrete and a "steep rise" of the door caused plaintiff's wheelchair to get stuck and had to be pushed out.

The 1991 Standards states that accessible routes do not include stairs and that changes in level greater than ½ inch must be ramped.  ADA 1991 Standards § 4.3.8.  Thresholds at doorways may not exceed ½ inch and must be beveled with a slope no greater than 1:2.  *Id*. at § 4.13.8.  Plaintiff argues that even if removing the stairs at the main entrance is not readily achievable, it would be readily achievable to eliminate the excessive level changes in the alternative route plaintiff took.  This order agrees that it would be readily achievable to add a ramp and adjust changes in levels to the alternative route. 28 C.F.R. § 36.304(b)(1).

(ii)   *Lack of Accessible Route to Outdoor Dining Deck*

Plaintiff alleges that he and his wife were not able to sit on the outdoor deck because there was a step between the main dining room and the deck, which plaintiff could not cross

with his wheelchair.  The doorway to the deck was also too narrow to allow plaintiff's

wheelchair to pass through, which left them no option but to sit indoors (Compl. ¶ 10(b)).

As with the first barrier, accessible routes may not include stairs.  ADA 1991 Standards §

4.3.8.  Doorway openings must provide at least 32 inches in clear width.  *Id*., at § 4.13.5.

Plaintiff argues that removal of the barrier is readily achievable by resurfacing the path of

travel and widening the doorway.  This order agrees that widening a doorway and resurfacing

the ground are readily achievable.  28 C.F.R. § 36.304(b)(8).

### (iii)     *Lack of Accessible Route and Entrance to Restrooms*

On his way to the restroom, plaintiff alleges that he had difficulty navigating double

swinging doors to enter a hallway, and then had to take a sharp left turn into the restroom door

(Compl. ¶ 10(c)).

According to the 1991 standards, double-leaf doorways must have at least one leaf of the

door that meets all the accessibility requirements.  ADA 1991 Standards § 4.13.4.  This

includes 32 inches of a clear opening, and the floor must be level and clear.  *Id*. at §§ 4.13.5-.6.

Additionally, two consecutive doors must have at least 48 inches of clear space, including the

width of any door swinging into the space.  *Id*. at § 4.13.7.  Plaintiffs argue that defendants

failed to configure accessible doors to the restroom and that removal of this barrier is readily

achievable by installing a power-assist door to the restroom (Dkt. No. 37 at 14).

### (iv)     *Failure to Provide Proper Grab-bars and Toilet Paper Dispenser in Restroom*

The last barrier alleged by plaintiff is inside the restroom itself.  Plaintiff was unable to

transfer from the wheelchair to the toilet because there was only one grab-bar alongside the

toilet.  The second grab-bar could not be reached as it was on the opposite wall.  Additionally,

8

the toilet paper dispenser was mounted on the back wall but was blocked by the wheelchair in order to allow him to transfer onto the toilet.

Grab-bars must be positioned on the rear wall and the side closes to the toilet. ADA 1991 Standards §§ 4.16.4, 4.17.3. Toilet paper dispensers must be mounted within reach of the toilet, on the side wall. *Id*., at § 4.16.6; 28 C.F.R. §§ 36.304(b)(13), (17). Mounting grab-bars is also identified as an example of a readily achievable barrier which can be moved. 28 C.F.R. § 36.304(b)(12). This order finds that plaintiff satisfies all necessary ADA requirements.

*Second*, this order turns to plaintiff's Unruh Act claim. In California, "[a]ny violation of the ADA necessarily constitutes a violation of the Unruh Act," and "no showing of intentional discrimination is required where the Unruh Act violation is premised on an ADA violation." Cal. Civ. Code § 51(f); *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F. 3d 837, 847 (9th Cir. 2004). The Unruh Act, unlike the ADA, permits monetary damages that include actual and treble damages, or statutory damages of $4,000 per violation. Cal. Civ. Code § 52(a). Here, plaintiff sufficiently alleges an ADA violation based on during his one trip to Wawa Restaurant due to the barriers in entering the Facility, inability to use the outdoor deck, going to the restroom facilities, and using the restroom facilities. Therefore, plaintiff has properly alleged an Unruh violation as well.

*Third*, this order turns to plaintiff's claim under California's Health and Safety Code § 19955, which requires public accommodations to guarantee access to physically handicapped persons. This order does not analyze this claim here because plaintiff did not move for default judgment as to this claim. *Design Collection, Inc. v. Body Shop of Am, Inc*., 2014 WL 12616611, at *1 (C.D. Cal. Mar. 19, 2014) (Judge Fernando M. Olguin) (a motion for default judgment should include, inter alia, "the legal authority that sets out the elements of the causes of action upon which plaintiff seeks default judgment").

In conclusion, aside from the Health and Safety § 19955 claim, plaintiff has sufficiently pled the ADA and Unruh violation claims; the second and third *Eital* factors weigh in favor of default judgment.

### C.    Sum of Money at Stake.

Plaintiff seeks $4,000 under the Unruh Act and $23,938.85 in attorney's fees and costs. After deducting the amount gained through the settlement with Wawa Restaurant ($7,714.28) plaintiff seeks $16,224.57 from defendants Forest Homes, LLC, and Lara Homes, for a grand total of $20,224.57.  This order will address and adjust attorney's fees and costs below, but this order finds that this sum is generally proportional to the conduct alleged.  Factor four weighs in favor of granting default judgment.

### D.    Possibility of Dispute Concerning Material Fact

Given that defendants have been silent throughout this matter indicates that there is very little to no possibility of disputing a material fact.  Therefore, the fifth factor weighs in favor of default judgment.

### E.    Whether Default Was Due to Excusable Neglect

Defendants have been properly served and have not responded weighs against an excusable neglect.  Considering defendant's silence for almost two years, this order finds that the sixth factor weighs in favor of default judgment.

### F.    Strong Policy Favoring Decisions on the Merits

Our court of appeals recommends that "[c]ases should be decided on their merits whenever reasonably possible." *Eital*, 782 F.2d at 1472.  However, doing so would be nearly impossible in this matter as defendants have yet to make an appearance or a filing.  This final factor weighs in favor of granting default judgment.

3.      RELIEF REQUESTED.

This order finds that the *Eital* factors weigh in favor of default judgment, and now turns

to plaintiff's requests for injunctive relief, statutory relief, and attorney's fees and costs.

A.      **Injunctive Relief.**

Plaintiff seeks and satisfies the requirements for injunctive relief in the form of the

removal of all barriers to his access to the Facility.   The ADA allows aggrieved individuals to

obtain injunctive relief in architectural barrier matters.  *Molski*, 481 F.3d at 730; *see also* 42

U.S.C. § 12188(a)(2).  Our court of appeals has also decided that standard equitable relief

requirements "need not be satisfied when an injunction is sought to prevent the violation of a

federal statute that specifically provides for injunctive relief."  *Antoninetti v. Chipotle Mexican

Grill, Inc.*, 643 F.3d 1165, 1175-76 (9th Cir. 2010) (citations omitted).  In sum, when

architectural barriers violate the ADA and those barriers can be readily removed, the aggrieved

party may request and be granted injunctive relief. *See Moreno v. La Curacao*, 463 F. App'x

669, 670 (9th Cir. 2011).

For the reasons stated above, plaintiff satisfies the requirements to show that he is

entitled to injunctive relief.

This injunction, however, will have no force or effect as to any defendant until that

defendant is personally served by process server and a certificate of service is filed with the

Court.

B.      **Statutory Damages.**

Plaintiff seeks $4,000 in statutory damages for defendant's violation of the Unruh Act.

Plaintiff has established this because a violation of the ADA simultaneously qualifies as a

violation of the Unruh Act.  Cal. Civ. Code § 51(f).   Unruh Act allows for a minimum award

of $4,000 per violation, and plaintiff "need not prove [he] suffered actual damages to recover

the independent statutory damages of $4,000." *Molski*, 481 F.3d at 731.  Here, plaintiff

sufficiently pleads he faced several barriers when he visited the Facility.  These barriers, as a

violation of the ADA, also counts as one violation of the Unruh Act, and therefore warrants a

statutory award of $4,000.

### C.    Attorney's Fees.

Plaintiff requests $16,224.57 in attorney's fees and costs. Such recovery is available to

the prevailing attorney under both the ADA and Unruh Act.  42 U.S.C. § 12205; Cal. Civ.

Code § 55.  Federal and state courts use the lodestar method to calculate recoverable attorney's

fees by multiplying the number of hours reasonably expended by a reasonable hourly

rate.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Ketchum v. Moses*, 24 Cal.

4th 1122, 1132 (2001).  This order adjusts and recalculates the attorney's fees and costs for a

total amount of **$9,645.57**.

### (i)    Hourly Rates

Here, Attorney Tanya Moore seeks an hourly rate of $475 per hour.  In her declaration,

she explains that she has over twenty years of experience, ten of which have in her area of

specialty: disability access litigation (Dkt. No. 37-1 ¶ 4).  Likewise, plaintiff seeks fees for two

paralegals, Whitney Law and Isaac Medrano, at an hourly rate of $195 and $175, respectively.

Both Ms. Law and Mr. Medrano have more than ten years of experience and comply with

§6450 of California's Business and Professions Code to qualify as a paralegal under California

law (Dkt. No. 37-1 ¶ 8-9).

Courts in this district have found an hourly rate of $475 to be reasonable for Attorney

Moore and hourly rates of $195 and $175 appropriate for Ms. Law and Mr. Medrano.  *Block v.*

*Gennaro's Limited Liability Company*, 2022 WL 2307203 at *12 (N.D. Cal. June 27, 2022)

(Judge Virginia K. Demarchi); *Hernandez v. BMV Hotels, LP*, 2021 WL 5053491, at *2-3

(N.D. Cal. Apr. 14, 2021) (Judge Nathanael M. Cousins); *Hernandez v. Spring Charter Inc.*, 2020 WL 1171121, at *4 (N.D. Cal. Mar. 11, 2020) (Judge Thomas S. Hixson).  This order agrees and finds these rates are reasonable.

### (ii)    Reasonable Hours

Plaintiff submitted a billing statement which documents 31.7 hours for Attorney Moore, 16.9 hours for Ms. Law, and 8.8 hours for Mr. Medrano.  While this order finds that the majority of the time billed to be reasonable, this order finds that certain deductions are warranted.  Namely, this order will not require defendants to pay Attorney's Moore, Ms. Law, or Mr. Medrano's fees for settlement discussions.  While plaintiff correctly points out that landlords and tenants are jointly and severally liable for ADA noncompliance, two courts in this district (one of which ruled recently on an ADA matter involving the same attorney and paralegals) distinguish between "a landlord's joint and several liability for ADA noncompliance and an ADA plaintiff's entitlement to fees relating to settlement with that landlords tenant."  Block, 2022 WL 2307203 at *13; *see also Dytch v. Maxaco LLC*, 2019 WL 1934879 at *2 (N.D. Cal. May 1, 2019) (Judge Susan Illston).  Further, Attorney Moore has not convinced this court why defendants should be ordered to pay for time use in settlement proceedings with Wawa Restaurant.  Therefore, this order reduces the hours to: 19.9 hours for Attorney Moore, 13.7 hours for Ms. Law, and 6.8 hours for Mr. Medrano.

After adjusting the number of hours, Attorney Moore will receive $9,452.50, Ms. Law will receive $2,671.50, and Mr. Medrano will receive $1,190.00. The total of attorney's and paralegal's fees is $13,314.00.

1

2               *(iii)  Costs*

  Plaintiff seeks $4,045.85 for filing fees, service of process, and plaintiff's Certified

3    Access Specialist who participated in the joint site inspection for this matter.  This order

4    awards $4,045.85 in costs.

5

6               *(iv)  Total Sought from Forest Homes, LLC, and Lara Homes.*

7      The total of attorney's fees, paralegal's fees, and costs is $17,359.85.  After deducting

8    $7,714.28 from Wawa Restaurant's settlement with plaintiff, the total sought from defendants

9    is **$9,645.57** in attorney's fees and costs.

10   **CONCLUSION**

11     For the reasons stated above, default judgment is GRANTED.  Plaintiff's request for

12   statutory damages in the amount of $4,000 is GRANTED.  An award of attorney's fees and costs

13   in the amount of **$9,645.57** is GRANTED.

14     Plaintiff's request for injunctive relief is GRANTED.  Forest Homes, LLC, must, to the

15   extent it has the legal right and ability to do so, create an accessible entrance to Wawa

16   Restaurant with a ramp; outdoor dining deck accessible with a wider door; and a pathway to

17   and configuration of restrooms that comply with the ADA's 1991 standards.  Plaintiff shall

18   cause a copy of this order and injunction to be personally served on any defendant to be bound

19   by this injunction.  Otherwise, not having yet appealed, such defendants will not be bound by

20   the injunction.

21     **IT IS SO ORDERED.**

22

23   Dated:  March 19, 2024.

24

25

26   _____
     WILLIAM ALSUP
27   UNITED STATES DISTRICT JUDGE

28

14

United States District Court
Northern District of California